MELVIN DOUGLAS,

        Plaintiff,

    v.

CAMDEN COUNTY CORRECTIONAL
FACILITY; BOARD OF FREEHOLDERS;
WARDEN DAVID OWENS,

        Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-09083 (JBS-AMD)

**OPINION**

APPEARANCES:

Melvin Douglas, Plaintiff Pro Se
517 Penn Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

1. Plaintiff Melvin Douglas seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"), the Camden County Board of Freeholders ("Freeholders"), and Warden David Owens. Complaint, Docket Entry 1.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while

_____

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

exercising his responsibilities pursuant to state law." *Id.*
at 50.

      7.    Because Plaintiff has not sufficiently alleged that a
person deprived him of a federal right, the complaint does not
meet the standards necessary to set forth a *prima facie* case
under § 1983. Plaintiff alleges that he was confined in the CCCF
in 1997 to 1998, 1999 to 2000, 2001 to 2002, 2004 to 2005, 2005
to 2006, 2006 to 2007, 2008, 2010, 2011, 2012, 2013, and 2014 to
2015. Complaint § III. Plaintiff states: "Mental anguish,
unsanitary living conditions, unhealthy food, sickness, mental
side effects Incarseration [sic] sent to prison." *Id.* He further
states, "They knew (David Owens [and] Board of Freeholders)
about these situations and did nothing to correct these
matters." *Id.* Even accepting these statements as true for
screening purposes only, there is not enough factual support for
the Court to infer a constitutional violation has occurred.

      8.    Plaintiff lists alleged injuries and states cursory
and conclusory allegations of "unsanitary living conditions" and
"unhealthy food" that are insufficient, without more, to state a
claim for relief. In order to make out a plausible claim for
relief and survive this Court's review under § 1915, Plaintiff
must plead something more than "labels and conclusions" and
allege enough facts to support a reasonable inference that
defendants deprived him of a constitutional right. *Iqbal*, 556

U.S. at 678. For a pretrial detainee, this means Plaintiff must plead facts showing that the conditions he encountered shock the conscience and thus violated his due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

9. In addition, though the Freeholders and the Warden may be proper defendants in a § 1983 action, the CCCF may not be sued under § 1983. Plaintiff presumably seeks monetary damages[3] from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims

---

[3] Plaintiff has not stated any requested relief in the complaint.

may not proceed and Plaintiff may not name the CCCF as a defendant.

10.    Moreover, to the extent the complaint seeks relief for conditions Plaintiff encountered during periods of confinement ending prior to December 8, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[4] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

11.    Plaintiff alleges the events giving rise to his claims occurred during at least twelve different incarcerations between 1997 and 2015. Complaint § III. However, all but one of these incarcerations occurred more than two years prior to the filing of Plaintiff's complaint. The allegedly unconstitutional conditions of confinement at CCCF, namely the overcrowding,

---

[4] Plaintiff filed this complaint on December 8, 2016.

6

would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from his incarcerations between 1997 and 2013 expired well before this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims.[5]

12.    As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. However, in the event Plaintiff does elect to file an amended complaint, he should focus only on the facts of his confinement from 2014 to 2015. Because Plaintiff's earlier claims are barred by the statute of limitations and must be dismissed with prejudice, Plaintiff may not assert those claims in an amended complaint.

13.    Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically

---

[5] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[6] *Id.*

14.  For the reasons stated above, the claims against the CCCF are dismissed with prejudice. The claims arising from Plaintiff's 1997 to 1998, 1999 to 2000, 2001 to 2002, 2004 to 2005, 2005 to 2006, 2006 to 2007, 2008, 2010, 2011, 2012, and 2013 confinements are barred by the statute of limitations and therefore are also dismissed with prejudice. The remainder of the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15.  An appropriate order follows.

**May 5, 2017**                                    **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge

---

[6] The amended complaint shall be subject to screening prior to service.

8